TERRELL, Respondent, *vs.* HUNTER, Appellant.

1. It has been repeatedly held that the practice act of 1849, (except in the 25th article,) does not govern the trial in the circuit court of cases appealed from justices of the peace.
2. A. at the request of B. and as his security, signed a note as joint maker with him, payable to C., with the understanding that B. would get two others also to sign as securities, or destroy the note. B. took the note, and after getting one other signature only, delivered the same for value to C., who was without notice of the condition upon which A. signed. In an action on the note by C. against A., *held* that A. was liable.

*Appeal from Andrew Circuit Court.*

Action on a non-negotiable note, made by Lingenfelter, Hunter & Brumfield, payable to the plaintiff, Terrell. The suit was begun before a justice of the peace in 1851, and appealed by the defendant, Hunter, to the Circuit Conrt, where it was tried by the court without a jury. The evidence offered at the trial is not preserved in the record; but the bill of exceptions states that the facts were found by the court to be, that Lingenfelter signed the note as principal, for the purpose of borrowing money from the plaintiff, and applied to Hunter to sign it as security, who agreed to do so, provided he would get Brumfield and Dr. Baker also to sign it; that Hunter signed the note with the express understanding that it was not to be delivered, but destroyed, unless Brumfield & Baker also went upon it; that Lingenfelter took the note, and, after procuring Brumfield to go upon it, borrowed the money on it from the

plaintiff, who had no notice of the circumstances under which Hunter's signature was obtained.

Upon these facts, the Circuit Court held that Hunter was liable, and gave judgment accordingly. To this opinion, Hunter excepted, and appealed to this court. No instructions were asked, and none given. The bill of exceptions contains a statement that the parties agreed that the facts were correctly found, and that the only question was as to the conclusion of law. The cause was submitted at the January term, 1853, Judge Leonard not then being upon the bench ; but no opinion was filed until the present term.

*Leonard,* for appellant. Delivery of a promissory note is essential to its validity. Here there was no delivery on the part of Hunter. The note was signed and put into the hands of one of the makers, to be delivered when signed by two others, or destroyed in the event of their declining to sign it. The principal had no authority from Hunter to deliver the note, and the delivery by him, without authority, is not binding on Hunter. ( *Canfield* v. *Ives*, 18 Pick. 263. 20 Johns. Rep. 288. *Clark* v. *Gifford*, 10 Wend. 280. *Jackson* v. *Sheldon*, 22 Maine Rep. 574. )

No brief or appearance for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a cause originally commenced in a justice's court, whence, after a judgment for the plaintiff, it was taken by appeal to the Circuit Court, where, on a trial *de novo*, there was a judgment for the plaintiff a second time.

This cause, being an appeal from a justice's court, was tried by the court sitting as a jury, and no instructions were asked by either party. It has been repeatedly held, that causes taken by appeal from a justice's court to the Circuit Court, must be tried as they were tried by the old law, and not under the present practice act. The proceedings in justices' courts are expressly excepted from the operation of that act but in one

particular, which does not affect this question. On an appeal from a justice's court to the Circuit Court, if the cause is submitted to the court for trial, instructions must be asked declaring the law, otherwise the case cannot be reviewed. The facts should not be found by the court, but the evidence must be preserved by a bill of exceptions, as under the old practice. The same course is pursued if the trial is by a jury.

We feel no reluctance in making this disposition of the cause, as, on the merits, the judgment is clearly for the right party.

Judge Ryland concurring, the judgment will be affirmed.